IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Gary Lee Todd, #331502, ) | C/A No. 3:12-1389-MBS-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| Michelle Wang, owner of Miyo's, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate incarcerated at the Campbell Pre-Release Center, a South Carolina Department of Corrections ("SCDC") facility.[1] He brings this civil action against Michelle Wang ("Defendant") alleging negligence. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.    Factual and Procedural Background

Plaintiff alleges he is an SCDC inmate incarcerated at the Campbell Pre-Release Center in Columbia, South Carolina. [Entry #1 at 2]. This court takes judicial notice that

---

[1] At the time Plaintiff filed this action, he indicated his address was the Campbell Pre-Release Center. As of the date this report and recommendation is filed, the SCDC website indicates that Plaintiff is located at the Wateree River Correctional Institution. *See* SCDC website, https://sword.doc.state.sc.us/scdc-public/ (enter SCDC ID number 331502) (last visited Feb. 8, 2013). However, Plaintiff has not informed this court of a new address.

Plaintiff was admitted on June 25, 2010 to the SCDC for a criminal offense of burglary, second degree, nonviolent.  *See* SCDC website, https://sword.doc.state.sc.us/scdc-public/ (enter SCDC ID number 331502) (last visited Feb. 12, 2013); *see also Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record.").  He alleges the defendant's address is in Columbia, South Carolina. [Entry #1 at 1].

Plaintiff alleges he began working for Defendant at Miyo's restaurant on January 27, 2012, and someone advised him that upon his arrival to work that defendant would supply the proper footwear.  [Entry #1 at 3].  He alleges that upon his arrival at Miyo's restaurant, Defendant did not have the proper footwear, and she instructed him to begin working and be careful.  *Id.*  He alleges that he lost control of his feet and fell onto the floor with a stack of plates.  *Id.*  According to the complaint, Plaintiff suffered a knee injury, his eyesight has deteriorated, and he has a two and one-half inch scar on his left cheek as a result of the fall.  *Id.*  Plaintiff seeks damages in the amount of "no less than $15,000" to compensate him for pain and suffering and his permanent physical injuries. [Entry #1 at 4].

II.     Discussion

    A.     Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of

this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

Plaintiff may bring this lawsuit in federal court only if the court has subject matter jurisdiction over the case. Federal courts are courts of limited jurisdiction, "constrained

to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998); *see also Nat'l Fed. of Independent Bus. v. Sebelius*, 132 S.Ct. 2566, 2576 (2012) (explaining that the federal government possesses only limited powers). Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). Accordingly, a federal court is required *sua sponte* to determine if a valid basis for its jurisdiction exists "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

"[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Pinkley,* 191 F.3d at 399. To this end, Fed. R. Civ. P. 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis[,] a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Id.* Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

If a plaintiff alleges that his action arises under the Constitution or laws of the United States, 28 U.S.C. § 1331 may provide federal question jurisdiction. Here, Plaintiff

4

appears to bring suit against Defendant for her alleged negligence in requiring Plaintiff to begin working without proper footwear. Such a claim does not arise under the Constitution or laws of the United States. *See Pink v. Lester*, 52 F.3d 73, 75 (4th Cir. 1995) (negligent deprivations of life, liberty, or property are not actionable under 42 U.S.C. § 1983). A tort claim for negligence is based in state law.

A civil action for a plaintiff's state law claims may be filed in a federal court under the diversity statute, 28 U.S.C. § 1332, if that statute's requirements are satisfied. *See Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). With the exception of certain class actions, the diversity statute requires complete diversity of parties and an amount in controversy in excess of $75,000. *See id.*; 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that the citizenship of every plaintiff must be different from the citizenship of every defendant. *Cent. W. Va. Energy Co.*, 636 F.3d at 103. Plaintiff has failed to allege that he and defendant are diverse parties, and the complaint appears to indicate both Plaintiff and Defendant are domiciled in South Carolina. Because complete diversity is lacking, this court cannot exercise diversity jurisdiction over this action.

Moreover, Plaintiff's claim seeking compensation for a work injury may be covered by the South Carolina Workers' Compensation Act. *See* S.C. Code Ann. § 42-1-480 (1976) (stating that an SCDC inmate performing certain types of work may be covered by the Workers' Compensation Act); *see also Washington v. McCormick Corr. Inst.*, C/A No. 0:07-26-GRA-BM, 2007 WL 3046696, at *2 (D.S.C. Oct. 16, 2007), *aff'd*,

5

281 F. App'x 235 (4th Cir. 2008). However, a claim seeking state workers' compensation benefits is not cognizable in this court. *See Richardson v. S.C. Workers' Comp. Comm'n*, C/A No. 2:07-1914-PMD, 2007 WL 2477312, at *3 (D.S.C. Aug. 28, 2007). Therefore, the undersigned recommends this action be summarily dismissed.

III.     Conclusion

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

February 12, 2013                                       Shiva V. Hodges
Columbia, South Carolina                                United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).