IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| Gary Lee Todd, | ) | |
| | ) | C/A No. 3:12-1389-MBS |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| Michelle Wang, owner of Miyo's, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Gary Lee Todd, proceeding pro se, filed a complaint on May 24, 2012, alleging that he fell and injured himself while working at Miyo's, a restaurant owned by Defendant Michelle Wang. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling.

On May 29, 2012, Plaintiff filed a letter requesting the court "to please send my paperwork back to me because I got a lawyer today." ECF No. 5. On May 31, 2012, the Magistrate Judge issued a Report and Recommendation in which she construed Plaintiff's letter as a request for voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(2). The Magistrate Judge recommended that the motion to dismiss be granted, and directed Plaintiff to file objections if he did not wish to voluntarily dismiss the case. Plaintiff filed no objections to the Report and Recommendation. On June 25, 2012, the court adopted the Report and Recommendation and dismissed the action.

On June 28, 2012, Plaintiff filed a letter stating that he did wish to continue the case and asking the court to "[p]lease reopen case #3:12-1389-MBS[.]" ECF No. 16. The court construed Plaintiff's letter as a motion to reopen the case. The court granted the motion on January 25, 2013

and referred the case back to the Magistrate Judge. On February 12, 2013, the Magistrate Judge issued a Report and Recommendation in which she determined that the court lacks either federal question jurisdiction or diversity jurisdiction over Plaintiff's claim. The Magistrate Judge further noted that Plaintiff's claim seeking compensation for a work injury might be covered by the South Carolina Workers' Compensation Act, but that such a claim is not cognizable in federal court. Accordingly, the Magistrate Judge recommended that Plaintiff's complaint be summarily dismissed without prejudice and without issuance and service or process. Plaintiff filed no objections to the Report and Recommendation.[1]

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310,

---

[1] On March 4, 2013, Plaintiff filed a letter stating that he did not know why his case was reopened and questioning whether he should be required to pay the filing fee. As noted hereinabove, the case was reopened upon Plaintiff's request. Plaintiff was granted in forma pauperis status by the Magistrate Judge on May 31, 2012, and thus was allowed to proceed without prepayment of fees or costs. However, Plaintiff still is required to pay the full amount of the filing fee. See 28 U.S.C. § 1915(b).

315 (4th Cir. 2005).  The court has thoroughly reviewed the record and adopts the Report and Recommendation.  For the reasons stated, Plaintiff's complaint is summarily dismissed without prejudice and without issuance and service or process

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

March 20, 2013.

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified of the right to appeal this order
pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**